UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SINOE SANCHEZ MUNOZ,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                         Case No. 1:15 CV 424

JOSE RODRIGUEZ,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Dkt. #8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.


## BACKGROUND

Plaintiff initiated this action on April 21, 2015, alleging that Defendant violated the Fair Labor Standards Act by failing to compensate him at the appropriate rate. (Dkt. #1). Defendant failed to answer Plaintiff's complaint and on June 12, 2015, Default was entered against Defendant. (Dkt. #6). On July 9, 2015, Plaintiff submitted the present motion for default judgment. (Dkt. #8). On October 2, 2015, the Court issued an Order to Show Cause directing Plaintiff to show cause why his motion should not be denied "for failure to adequately and accurately document compliance with all of the requirements of the Federal Rules of Procedure regarding default judgment and the amounts sought, including legal fees and costs." (Dkt. #9). Plaintiff timely responded to the Court's Order to Show

Cause. (Dkt. #10). Plaintiff's response, however, still fails to justify or establish entitlement to the amounts sought. Accordingly, the undersigned recommends that Plaintiff's motion be granted in part and denied in part as detailed herein.

## ANALYSIS

Federal Rule of Civil Procedure 55(b) provides as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

Because Plaintiff is not seeking a sum certain or an amount that can be made certain by computation, this matter is governed by Rule 55(b)(2).[1] Rule 55 does not, however, articulate a standard

---

[1] While the calculation of the amount in wages Defendant unlawfully withheld from Plaintiff, as well as the amount to award in fees and costs, can be determined by calculation, the question of whether Plaintiff is entitled to liquidated damages is a legal matter which the Court must resolve. Thus, resolution of Plaintiff's motion falls within the scope of Rule 55(b)(2).

by which motions for default judgment are to be evaluated.  Rather, the Court is required to exercise "sound judicial discretion" in determining whether judgment should be entered.  *See*, *e.g.*, *Commodity Futures Trading Commission v. Aurifex Commodities Research Co.*, 2008 WL 474227 at *1 (W.D. Mich., Feb. 15, 2008) (citing Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).  Moreover, this "element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right."  *Hitachi Medical Systems America, Inc. v. Lubbock Open MRI, Inc.*, 2010 WL 1655536 at *1 (N.D. Ohio, Apr. 22, 2010) (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).

Some of the factors relevant to determining whether default judgment is appropriate include: (1) whether the plaintiff has been prejudiced; (2) the merit's of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect.  *See*, *e.g.*, *Canal v. Dann*, 2010 WL 3491136 at *3 (N.D. Cal., Sept. 2, 2010).  The Court must also recognize that "[t]rials on the merits are favored in the federal courts" and "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases."  *Rhinehart v. Scutt*, 2010 WL 3701788 at *8 (E.D. Mich., Aug. 16, 2010).

Plaintiff is seeking judgment in the amount of one hundred seven thousand, six hundred fifty-eight dollars and sixty cents ($107,658.60).  Plaintiff's motion for default judgment consists of three distinct elements or requests: (1) underpayment of wages ($52,656.80); (2) liquidated damages ($52,656.80); and (3) attorneys fees and costs ($2,345.00).

I.        **Underpayment of Wages**

In support of his motion for default judgment, Plaintiff has submitted an affidavit in which he asserts that he worked for Defendant for 130 weeks during which time he worked 72 hours weekly. (Dkt. #8 at PageID.20). Plaintiff further asserts that of the 130 weeks he was employed by Defendant, he was paid three hundred dollars ($300.00) weekly for 114 weeks and four hundred dollars ($400.00) weekly for the remaining 16 weeks. (Dkt. #8 at PageID.20). Plaintiff argues that based on these assertions he is entitled to judgment in the amount of fifty-two thousand, six hundred fifty-six dollars and eighty cents ($52,656.80) in unpaid wages. Plaintiff has not provided a justification for this calculation. The Court's calculation results in a much different (and lower) amount.

In his complaint, filed on April 21, 2015, Plaintiff alleges that he "began working for Defendant over three years ago and stopped working for him November 7, 2012." (Dkt. #1 at PageID.2). Defendant was obligated under federal law to pay Plaintiff the minimum hourly wage, as defined by federal law, for the first forty (40) hours worked each week and one and one-half times the minimum hourly wage for every hour worked thereafter each week (i.e., overtime). *See* 29 U.S.C. §§ 206-207.

Prior to July 24, 2007, the federal minimum wage was $5.15 per hour. *See Bauer v. Singh*, 2010 WL 5088126 at *8 (S.D. Ohio, Dec. 7, 2010). Beginning July 24, 2007, the minimum wage increased to $5.85 per hour. *See* 29 U.S.C. § 206(a)(1). The minimum wage increased to $6.55 per hour beginning July 24, 2008, and on July 24, 2009, the minimum wage increased to $7.25 per hour. *Id.* Plaintiff neither alleges in his complaint nor asserts in his affidavit the date on which he began working for Defendant. However, unless Plaintiff was employed by Defendant prior to July 24, 2009, the minimum wage applicable in this matter is $7.25 per hour. Plaintiff alleges that he worked for Defendant for 130 weeks and that his employment ended on November 7, 2012. Plaintiff has not alleged

that his employment with Defendant was not a continuous endeavor. Plaintiff has likewise failed to allege that he received vacation or was otherwise off work more frequently than the traditional two weeks yearly. Thus, the Court discerns no basis for finding that Plaintiff was employed by Defendant prior to July 24, 2009. Accordingly, for purposes of calculating the amount Plaintiff was underpaid by Defendant, the Court finds that Plaintiff was entitled to be paid at the rate of $7.25 per hour and one and one-half times this rate ($10.88) for all overtime worked.

Plaintiff asserts in his affidavit that he worked 72 hours weekly for Defendant. This would entitle Plaintiff to payment in the amount of six hundred thirty-eight dollars and sixteen cents ($638.16) per week. This amount is determined by adding together: (a) the amount Plaintiff earned for the first 40 hours worked, $290.00 (40 hours multiplied by $7.25) and (b) the amount Plaintiff earned in overtime wages, $348.16 (32 hours multiplied by $10.88).[2]

As noted above, Plaintiff asserts that of the 130 weeks he was employed by Defendant, he was paid three hundred dollars ($300.00) weekly for 114 weeks and four hundred dollars ($400.00) weekly for the remaining 16 weeks. Thus, for 114 weeks, Plaintiff was underpaid $338.16 per week and for the remaining 16 weeks, Plaintiff was underpaid $238.16 per week. Accordingly, the Court finds that Plaintiff was underpaid forty-two thousand three hundred sixty dollars and eighty cents ($42,360.80). This amount was determined by adding together: (a) the product of $338.16 multiplied by 114 weeks ($38,550.24) and (b) the product of $238.16 multiplied by 16 weeks ($3,810.56). Plaintiff's assertion that he is instead entitled to $52,656.80 in unpaid wages is rejected as unjustified and inconsistent with the analysis and calculation performed herein.

---

[2] Plaintiff argues in his motion for default judgment that he is entitled to receive, as compensation for 72 hours worked, seven hundred seventeen dollars and thirty-six cents ($717.36) per week. Plaintiff offers no explanation or justification for this amount. The Court, therefore, rejects this amount and will calculate Plaintiff's damages (unpaid wages) based on the $638.16 per week amount as calculated herein.

**II.         Liquidated Damages**

Plaintiff argues that he is also entitled to liquidated damages in an amount equal to his unpaid wages.  The Fair Labor Standards Act [FLSA] provides that "any employer who violates [the minimum and overtime wage provisions of the FLSA] shall be liable to the employee. . .in the amount of their unpaid [wages]. . .and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Liquidated damages under the FLSA "are compensation, not a penalty or punishment."  *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840 (6th Cir. 2002).  Moreover, unless the employer demonstrates that his failure to comply with the FLSA was in good faith, the "district court has no power or discretion" to not award liquidated damages.  *Id.*  By virtue of his default and failure to otherwise defend this action or the present motion, the Court finds that Defendant has failed to meet his burden to demonstrate that his violation of the FLSA was in good faith.  Accordingly, the Court finds that Plaintiff is entitled to liquidated damages in the amount of forty-two thousand three hundred sixty dollars and eighty cents ($42,360.80).

**III.        Attorney Fees and Costs**

Finally, Plaintiff requests two thousand three hundred forty-five dollars ($2,345.00) in attorney fees and costs.  For the reasons articulated in Plaintiff's response to the Court's Order to Show Cause, the Court finds that the amount requested is appropriate and reasonable.  Accordingly, the Court finds that Plaintiff is entitled to two thousand three hundred forty-five dollars ($2,345.00) in attorney fees and costs.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Default Judgment</u>, (Dkt. #8), be **granted in part and denied in part**.  Specifically, the undersigned recommends that default judgment be entered against Defendant Rodriguez in the amount of eighty-seven thousand sixty-six dollars and sixty cents ($87,066.60) as detailed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  November 17, 2015                 /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge